UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 18-CV-264

ONE 2017 MERCEDES BENZ GLC300,
VEHICLE IDENTIFICATION NUMBER (VIN)
WDC0G4KB2HF189805, WITH ALL
APPURTENANCES AND ATTACHMENTS
THEREON,

    Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

The United States of America (the "government") filed a verified complaint for civil forfeiture *in rem* against a 2017 Mercedez Benz GLC300 (the "vehicle") owned by Fan Xia. (Docket # 1.) Xia filed a motion to dismiss under Federal Rule of Civil Procedure 12(b), arguing "lack of personal jurisdiction" over the vehicle and "insufficient process." (Docket # 9.) For the reasons that follow, Xia's motion to dismiss is denied.

## BACKGROUND

The relevant dates in this case are not in dispute. On July 7, 2017, the Wauwatosa Police Department seized the vehicle from Xia. (Docket # 1 at ¶ 2, Docket # 9 at 1.) On October 20, 2017, the United States Secret Service Milwaukee Financial Crimes Task Force served a federal seizure warrant for the vehicle on the Wauwatosa Police Department. (Docket # 1 at ¶ 3, Docket # 9 at 1–2.) On December 7, 2017, the Secret Service notified Xia that it had seized the vehicle for forfeiture. (Docket # 9 at 2, Docket # 13 at 1–2.) On January

8, 2018, Xia filed a claim to the vehicle in the administrative forfeiture proceeding. (Docket # 1 at ¶ 112, Docket # 9 at 2.) On February 21, 2018, the federal government submitted its complaint for civil forfeiture *in rem* in this Court. (Docket # 1.) On April 12, 2018, Xia filed this motion to dismiss under Federal Rule of Civil Procedure 12(b). (Docket # 9.)

On August 3, 2017, Xia was charged in Milwaukee County with two counts of theft-movable property, one count of receiving stolen property, and one count of receiving or concealing stolen property. (Docket # 1 at 110.) Trial has been adjourned to November 12, 2018. (Docket # 20.)

**APPLICABLE RULES**

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden of proof rests on the party asserting jurisdiction to make a *prima facie* showing supporting that assertion. *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). For purposes of deciding this motion, the court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiff's favor all disputes concerning relevant facts presented in the record. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Federal Rule of Civil Procedure 4(n) authorizes the courts to assert jurisdiction over property if authorized by a federal statute, and requires notice to claimants of the property as provided in the statute.

Federal Rule of Civil Procedure 12(b)(4) addresses "insufficient process." This Rule concerns the form of the summons as required by Federal Rule of Civil Procedure 4(a) and (b). *See O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Because Xia does not allege any technical defect in the forms used to initiate this proceeding, I do not address Rule 12(b)(4) here.

**ANALYSIS**

In his motion to dismiss, Xia argues that the government's complaint is barred because the notice of administrative forfeiture it sent to Xia on December 7 was untimely, and that the proper remedy is dismissal of the complaint and return of the vehicle. The government responds that the notice was timely, and even if it had not been, that untimeliness does not prevent the government from pursuing its judicial forfeiture complaint and does not require return of the vehicle.

1. *Timing of Notice*

I begin with the relevant notice provisions. 18 U.S.C § 983 states as follows:

> Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(i).

> In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency. 18 U.S.C. § 983(a)(1)(A)(iv).

The government argues that § 983(a)(1)(A)(i) applies in this case. The government argues that the word "seizure" in this statute must be read to mean seizure "for the purpose of federal asset forfeiture." (Docket # 13 at 10–11.) Accordingly, the government argues that the operative date was not July 7 but October 20, when it seized the car for forfeiture pursuant to a federal warrant. Using October 20 as the seizure date, the government calculates that the December 7 letter was within the 60-day window, and therefore the notice was timely. (*Id.*)

I disagree that § 983(a)(1)(A)(i) applies here. Applying Section (i) in this case would not comport with the structure or the plain language of the statute. Reading Sections (i) and

(iv) together in a common-sense way, it is clear that they address two different ways property comes into the government's possession for forfeiture: Section (i) concerns property initially seized by the federal government, and Section (iv) concerns property initially seized by the state and then turned over to the federal government. In this case, the property was seized initially by the Wauwatosa Police Department and turned over to the Secret Service, placing it squarely under Section (iv).

The question, then, is when did the clock began to run for the government to notify Xia? Unlike Section (i), which starts the notice clock from the date the federal government seizes the property for forfeiture, Section (iv) explicitly states that the relevant date is when the state agency takes initial custody of the property, not when it is turned over to the federal agency. ("[N]otice shall be sent not more than 90 days after the date of seizure by the state or local law enforcement agency.") Accordingly, other courts that have decided timeliness challenges under § 983(a)(1)(A)(iv) have calculated the notice deadline from the date of the state's initial seizure, regardless of its purpose. *See e.g. United States v. $63,530 in United States Currency*, 781 F.3d 949 (8th Cir. 2015) (using the date of the seizure by a state official during a traffic stop as the starting date); *United States v. Shigemura*, 595 Fed. Appx. 765, 768 (10th Cir. 2014) (using the initial state seizure for evidence purposes as the starting date, even though the property was not turned over to the federal government until two days later and a civil forfeiture warrant was not issued until roughly a month and a half later).

Contrary to the government's argument, (Docket #13 at 11), Section (iv) makes no distinction as to whether the property is turned over to the federal government voluntarily or in response to a warrant, as occurred in this case. Furthermore, it contains no qualifier about the purpose of the initial state seizure, and I decline to read such language into it. The

4

language "for the purpose of the forfeiture under Federal law" in Section (iv) modifies the phrase that immediately precedes it, "turned over to a Federal law enforcement agency," not the earlier "seized by a State or local law enforcement agency." For purposes of calculating the notice deadline, it matters not whether the state's initial purpose in seizing the property was for evidence or forfeiture, or in what manner the property was turned over to the federal agency.

Thus, the government had 90 days from July 7, the date the Wauwatosa Police Department seized the vehicle, in which to notify Xia. Because the government issued notice on December 7, well beyond the 90-day window required under § 983(a)(1)(A)(iv), its notice was untimely.

*2. Remedy*

Having found that the notice was untimely under § 983(a)(1)(A)(iv), I turn to what remedy, if any, is available under 18 U.S.C. § 983(a)(1)(F). Xia argues that the statute requires dismissal with prejudice and return of the vehicle. The government argues that § 983(a)(1)(F) expressly allows subsequent forfeiture actions, and that once the government has filed such an action it need not return the property.

As before, I look first at the plain language of the statute. Section 983(a)(1)(F) states as follows:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

5

This provision clearly states that return of the property is the proper remedy for untimely notice. However, it also unambiguously states that the government may commence future forfeiture proceedings "without prejudice." Thus, even if an *administrative* forfeiture notice is untimely, the government may later commence *judicial* forfeiture proceedings against the same property without prejudice. *See United States v. $448,163.10 in U.S. Currency*, 2007 WL 4178508, at *3 (D. Conn. 2007). In support of his argument for dismissal of the complaint with prejudice, Xia cites *United States v. Assorted Jewelry with An Approximate Value of $219,860.00*, where the court ordered both the return of property and the dismissal with prejudice as a sanction for an untimely notice. 386 F.Supp.2d 9 (D.P.R. 2005). While I appreciate that court's reasoning, I find that such a sanction does not comport with the plain language of the statute. If § 983(a)(1)(F) required dismissal of subsequent forfeiture complaints, it would not include the phrase "without prejudice to the right of the Government to commence a forfeiture proceeding at a later time."

Therefore, even if I were to order the vehicle returned, the government could still pursue this forfeiture proceeding. And when the government commences a civil forfeiture action, it is authorized to seize the property. *See* 18 U.S.C. § 981(b)(2). Thus, where the government has already filed a civil forfeiture complaint, as here, returning the property only to immediately re-seize it would be a "meaningless exercise." *U.S. v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1016 (9th Cir. 2013). *See also United States v. Approximately $1,305,105 in Assorted Silver Bars and Gold and Silver Coins*, No. 12-C-7505, 2013 WL 453195 (N.D. Ill., Feb. 6, 2013) ("[t]he phrase 'without prejudice to the right of the Government' has been construed to mean that inadequate notice does not require the return of property, as long as the Government has initiated civil forfeiture proceedings"), *reversed on other grounds*, No. 13-

1452 (7th Cir. July 22, 2013); *United States v. Salmo*, No. 06-12909, WL 2006 2975503 at *3 (E.D. Mich. Oct. 17, 2006); *Manjarrez v. United States*, Nos. 01-CV-7530, 01-CV-9495, 2002 WL 31870533 (N.D. Ill. Dec. 19, 2002). For these reasons, I will not order the government to return the vehicle.

Xia is correct that notice procedures are important to protect property owners' due process rights. (Docket # 15, 8–9.) However, the government also has an important interest in forfeiture: to prevent defendants from profiting from illegal activity. The remedy prescribed by the statute—allowing the government to pursue subsequent forfeiture of the property in a separate proceeding—furthers that objective. *See United States v. Burns*, 843 F.3d 679, 690 (7th Cir. 2016); *United States v. Webber*, 536 F.3d 584, 603 (7th Cir. 2008); *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007). Congress chose to authorize two separate kinds of forfeiture, administrative and judicial, and it clearly stated in § 983(a)(1)(F) that failure of the first does not doom the second.

Finally, allowing the government to keep the vehicle and not dismissing the complaint does not prejudice Xia's due process rights or his interest in the vehicle. Xia retains the right to fully contest the forfeiture in the present case.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to dismiss (Docket # 9) is **DENIED**.

**FURTHER,** the Clerk of Courts is ordered to contact the parties to schedule a telephonic conference.

In Milwaukee, Wisconsin this 15th day of October, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
